1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7   LISA DAWN FRAZIER,

            Debtor/Appellant,

8

9            v.

10   ANDREA A. WIRUM,

                 Trustee/Appellee.

11

Case No.  15-cv-01484-JST

Case No.  15-cv-01659-JST

**ORDER RE BANKRUPTCY APPEALS**

12          Appellant Lisa Dawn Frazier, appearing pro se, has filed two appeals related to her Chapter

13   7 bankruptcy proceeding.  Having considered the papers filed by the parties, the Court affirms the

14   order of the bankruptcy court in Case Number 15-cv-01484 and dismisses Case Number 15-cv-

15   01659.

16   **I.      BACKGROUND**

17          Frazier filed a voluntary bankruptcy petition under Chapter 7 of the U.S. Bankruptcy Code

18   on March 14, 2014.  Trustee's Excerpt of Record, Case No. 15-cv-01659 ("TER (15-cv-01659)"),

19   ECF No. 20 (15-cv-01659), at 1-3.  She appeals two separate orders of the bankruptcy court:

20   (1) an order authorizing the sale of an investment interest; and (2) an order denying her motion to

21   dismiss the case and all related proceedings.

22          **A.      Sale of Investment Interest (Case No. 15-cv-01484)**

23          In her Schedule of Personal Property ("Schedule B"), Frazier disclosed "a 5% interest in

24   property located at 1405 Oakgrove Ave, Burlingame, CA."  Id. at 14.  She stated that "Debtor was

25   awarded the 5% interest as part of her divorce.  She receives no rental income from the property

26   and is unsure of the value of her interest."  Id.  She reported the current value of the interest as

27   "unknown."  Id.  Frazier also provided to the Trustee a photocopy of a deed of trust recorded

28   against the Burlingame property, which identified David Paslin as the sole owner of the property.

United States District Court
Northern District of California

Trustee's Excerpt of Record, Case No. 15-cv-01484 ("TER (15-cv-01484)"), ECF No. 20 (15-cv-01484), at 23.

The Trustee contacted Paslin and, over a period of months, attempted to solicit an offer to purchase the bankruptcy estate's interest in a joint venture involving the Burlingame property. Id. at 24. In July or August of 2014, the Trustee learned that Frazier's former spouse, Gerald Girouard, had sold his five percent interest to Paslin for $180,000.00. Id. Paslin did not, however, wish to purchase the estate's interest, and took the position that the estate owed him an amount exceeding $84,000.00 for expenses that the five percent interest had failed to reimburse over the years of the joint venture. Id. at 22, 24-25. After the Trustee indicated that, if necessary, it would file a complaint seeking a determination that the estate owned a five percent interest in the property and for judgment under 11 U.S.C. section 363(h) permitting the Trustee to sell the property free and clear of Paslin's interest in it, Paslin began to express interest in purchasing the estate's interest. Id. at 25. Paslin and the Trustee ultimately negotiated a $150,000.00 purchase price for the estate's five percent interest in the joint venture. Id. at 22, 25.

The Trustee filed a motion for an order authorizing the sale and a mutual release of claims. Debtor's Combined Appendix ("DA"), ECF No. 16 (15-cv-01484), Tab 3; see also TER (15-cv-01484), at 1-3. She argued that the agreement of Girouard, who is experienced in real estate, to accept $180,000.00 for his share was likely an accurate estimation of the value of the five percent interest, and also that the expense and delay anticipated if the estate pursued litigation against Paslin weighed in favor of approving the sale. DA Tab 3. Frazier filed an objection to the motion and requested an evidentiary hearing. Id. Tab 4. The Trustee filed a reply to the objection. Id. Tab 8. The Bankruptcy Court held a hearing on the objection on March 12, 2015, and signed an order authorizing the proposed sale and compromise of claims on March 17, 2015. Id. Tab 11. At the hearing, the Bankruptcy Court indicated that it would grant the motion for the following reasons:

> First, this – I have competent evidence before me that establishes that this price was reached over the course of several months during which an arduous negotiation process took place between the trustee and the other party to the joint venture, Mr. Paslin. I have evidence that an interest identical to that of the bankruptcy estate's was sold

for a price that is well within the ballpark of the price that's being proposed as part of this motion, and the simple fact that the estate doesn't have the money to litigate the issues that might be required in order to get what might amount to a very modest increase in the value assigned to the state's interests.

I'm making – you know, accepting that the value is close to or exactly what the trustee proposes requires me also to find that the debtor does not have standing to oppose this – the transaction that the trustee contemplates as her estate is insolvent. And in a Chapter 7, creditors' interests as represented by the trustee trump the debtor's. And so for those reasons I am going to grant the motion.

Id. Tab 16 at 12-13. Frazier filed a notice of her appeal of this order on March 27, 2015. Id. Tab 12.

### B.      Debtor's Motion to Dismiss (Case No. 15-cv-01659)

In her Schedule B, Frazier also disclosed "[s]tock in Haley Global (likely offset by the debt owed to Haley Global)," and reported the current value of the interest as "unknown." TER (15-cv-01659) at 14. The Trustee determined that in September 2012, Frazier had transferred a security interest in real property to Halley Global Marketing, Inc. ("Halley Global") for no consideration. Id. at 44-49. Halley Global had been organized under the laws of the State of Nevada one week earlier, shortly after an unfavorable ruling from the California Court of Appeal in Frazier's divorce case. Id. at 47, 82-100, 102-03. The Trustee brought a fraudulent conveyance action against Halley Global for avoidance and recovery of fraudulent transfers. Id. at 46, 51-55.

The Trustee also filed a complaint seeking a judgment denying Frazier's discharge. Id. at 186-90. She cited Frazier's transactions with Halley Global, as well as her failure to surrender documents and appear for examination. Id. at 186-90. After Frazier repeatedly failed to appear at scheduled hearings, the Clerk entered her default on January 8, 2015. Id. at 206-07, 210-11, 214. The Bankruptcy Court signed a Judgment Denying Discharge on February 3, 2015. Id. at 163-64. Frazier did not appeal this judgment.

On January 22, 2015, Frazier filed a motion to dismiss the Chapter 7 case and all related proceedings. DA Tab 18. She argued that the case should be dismissed because her former attorney had coerced her into filing for bankruptcy and because debilitating mental health issues made it impossible for her to withstand harassment by the Trustee. Id. at 2. The Trustee opposed the motion. TER (15-cv-01659) at 166-72. The Bankruptcy Court held a hearing on Frazier's

motion on March 5, 2015.  Id. at 240-55.  At the hearing, the Court stated:

> I have to be fair to everyone.  And there are two provisions in the Bankruptcy Code that would – that govern the request that you've made.  One is Section 305, the other is Section 707.  And under Section 305 I can only dismiss where I find that creditors would be better served by dismissal.
>
> Under Section 707 I can only dismiss if there would be no prejudice to creditors.  And it is clear to me that creditors are going to be better served if the case stays open and that if I were to dismiss it creditors would be prejudiced.  So I'm not going to grant your motion to dismiss and the case will remain pending.

Id. at 251-52.  The bankruptcy court signed an order denying the motion to dismiss on March 6, 2015.  Id. at 257.  Frazier filed her notice of appeal on March 23, 2015.  DA Tab 30.

## II.    APPEAL OF ORDER AUTHORIZING SALE (CASE NO. 15-CV-01484)

Frazier argues that the bankruptcy court lacked jurisdiction to enter an order approving the sale of the estate's interest in the joint venture and that, even assuming that the court did have authority to enter such an order, it should be reversed due to procedural and substantive errors.[1] The Trustee argues that Frazier has waived many of her arguments, including her jurisdictional argument; that she lacks standing to seek review of the order; and that in any event the order should be affirmed on the merits.  The Court will first address the jurisdictional questions.

### A.    Jurisdictional Issues

#### 1.    Appellate Jurisdiction

Pursuant to 28 U.S.C. section 158(a)(1), district courts have jurisdiction to hear appeals from the final judgments and orders of bankruptcy judges.  With limited exceptions, district courts lack jurisdiction over appeals from the interlocutory orders of bankruptcy judges, except where the district court grants leave to appeal under 28 U.S.C. section 158(a)(3).

The parties state that this Court has jurisdiction pursuant to 28 U.S.C. section 158(a)(1). ECF No. 15 at 7; ECF No 19 at 1.  Because the bankruptcy court's order approving the sale to

---

[1] Frazier also argues that because the Trustee and the bankruptcy court ignored her medical information and denied her accommodations required under the Americans with Disabilities Act, they placed her in a position of involuntary servitude in violation of the Thirteenth Amendment. ECF No. 15 at 25-26.  Frazier did not raise this argument before the bankruptcy court, and it is therefore waived.  Moreover, she provides no legal support for this argument and does not allege any misconduct or error by the bankruptcy court, as opposed to the Trustee.

United States District Court
Northern District of California

Paslin finally resolved the propriety of the sale of a substantial investment interest and authorized the mutual release of all claims between Paslin and the estate, the Court agrees that it is a "final order" within the meaning of 28 U.S.C. section 158(a)(1), and that the Court therefore has jurisdiction over this appeal.  See Alexander v. Compton (In re Bonham), 229 F.3d 750, 761 (9th Cir. 2000) (under the Ninth Circuit's "pragmatic approach," a bankruptcy court order is "final and thus appealable where it (1) resolves and seriously affects substantive rights and (2) finally determines the discrete issue to which it is addressed" (internal quotation marks omitted)); United States v. Stone (In re Stone), 6 F.3d 581, 583 n.1 (9th Cir. 1993) (reviewing court has a duty to consider whether it has jurisdiction to hear an appeal from a bankruptcy court order, even where no party questions its jurisdiction); see also United States v. Vickers (In re Fortier), 315 B.R. 829, 832 (W.D. Mich. 2004) (finding a sale order final under the Sixth Circuit's "elastic" and "pragmatic" approach to finality in bankruptcy cases), aff'd, 161 F. App'x 514 (6th Cir. 2005).

### 2.    Bankruptcy Court Jurisdiction

Contrary to the Trustee's argument, "parties cannot waive objections to subject matter jurisdiction." Kieslich v. United States (In re Kieslich), 258 F.3d 968, 969 (9th Cir. 2001).  The Court will therefore consider Frazier's argument that the bankruptcy court lacked jurisdiction to authorize the sale of property in the estate.

Pursuant to statute, "[b]ankruptcy judges may hear and enter final judgments in 'all core proceedings arising under title 11, or arising in a case under title 11," including "'orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate'" and "'other proceedings affecting the liquidation of the assets of the estate.'" Stern v. Marshall, 131 S. Ct. 2594, 2603 & n.3 (2011) (quoting 28 U.S.C. § 157(b)(1)-(2)).  The Supreme Court has held that "some claims labeled by Congress as 'core' . . . may not, as a constitutional matter, be adjudicated as such." Exec. Benefits Ins. Agency v. Arkinson, 134 S. Ct. 2165, 2172 (2014) (citing Stern, 131 S. Ct. 2594 (2011)).  Specifically, a bankruptcy court may not issue a final judgment with respect to a counterclaim that is "core" under 28 U.S.C. section 157(b)(2)(C) if the counterclaim is "a common law cause of action, when the action neither derives from nor depends upon any agency regulatory regime." Stern, 131 S. Ct.

United States District Court
Northern District of California

at 2615.

The Court disagrees with Frazier that this appeal involves "<u>Stern</u> claims" that, although labeled by Congress as "core," may not be finally adjudicated by the bankruptcy court. <u>Exec. Benefits Ins. Agency</u>, 134 S. Ct. at 2172. The sale of estate assets is "the literal administration of the bankruptcy estate," <u>Harris v. Wittman (In re Harris)</u>, 590 F.3d 730, 739 (9th Cir. 2009), and an order approving such a sale "stems from the bankruptcy itself." <u>Stern</u>, 131 S. Ct. at 2618; <u>see also id.</u> (state law counterclaim could not be finally adjudicated by the bankruptcy court where it was "in no way derived from or dependent upon bankruptcy law," and "exist[ed] without regard to any bankruptcy proceeding"); <u>TC Global Inc. v. Global Baristas, LLC (In re TC Global, Inc.)</u>, No. 13-cv-02333-RSM, 2014 WL 6451367, at *2 & n.3 (W.D. Wash. Nov. 17, 2014) (finding that a proceeding that squarely concerned the administration of the estate and the sale or liquidation of its assets was a "core proceeding," and rejecting the argument that the proceeding involved a <u>Stern</u> claim); <u>In re ISE Corp.</u>, No. 10-14198-MM 11, 2012 WL 1377085, at *4 (Bankr. S.D. Cal. Apr. 13, 2012) ("<u>Stern</u> and its narrow limit on bankruptcy court jurisdiction does not extend to the compromise and settlement of a claim which is indisputably property of a debtor's estate." (citation and internal quotation marks omitted)).

The Court therefore concludes that the bankruptcy court had jurisdiction to enter a final order approving the sale pursuant to 28 U.S.C. section 157(b).[2]

### 3.      Standing

The Trustee argues that Frazier lacks standing to object to the sale because the estate is insolvent. ECF No. 19 at 6. The bankruptcy court agreed with this conclusion, DA Tab 16 at 13, and this Court reviews its determination for clear error. <u>Duckor Spradling & Metzger v. Baum Trust (In re P.R.T.C., Inc.)</u>, 177 F.3d 774, 777 (9th Cir. 1999) (citing <u>McClellan Fed. Credit Union v. Parker (In re Parker)</u>, 139 F.3d 668, 670 (9th Cir. 1998) ("Whether an appellant is a person

---

[2] Because the order approving the sale of the estate's interest in the joint venture involved a "core proceeding," the bankruptcy judge was not required to "submit proposed findings of fact and conclusions of law to the district court" pursuant to 28 U.S.C. section 157(c)(1). This section applies to a bankruptcy judge "hear[ing] a proceeding that is not a core proceeding but that is otherwise related to a case under title 11."

aggrieved is a question of fact, which this court reviews for clear error.")).  A factual finding is clearly erroneous if, after examining the evidence, the reviewing court "is left with the definite and firm conviction that a mistake has been committed."  <u>Anderson v. City of Bessemer City</u>, 470 U.S. 564, 573 (1985).

 To establish standing in a bankruptcy case, the appellant must be a "person aggrieved" by the bankruptcy court's order.  <u>In re P.R.T.C.</u>, 177 F.3d at 777.  "An appellant is aggrieved if 'directly and adversely affected pecuniarily by an order of the bankruptcy court'; in other words, the order must diminish the appellant's property, increase its burdens, or detrimentally affect its rights."  <u>Id.</u> (quoting <u>Fondiller v. Robertson (In re Fondiller)</u>, 707 F.2d 441, 442 (9th Cir. 1983)).  "Ordinarily, a debtor cannot challenge a bankruptcy court's order unless there is likely to be a surplus after bankruptcy," because the debtor lacks any pecuniary interest in the disposition of the property.  <u>Id.</u> at 778 n.2.  But this reasoning does not apply where, as here, the bankruptcy court enters a judgment denying the debtor's discharge.  <u>See</u> TER (15-cv-01659) at 163-64.  The Court defers to the bankruptcy court's factual determination that the estate is insolvent, but concludes that because Frazier's debts will not be discharged at the conclusion of the bankruptcy proceeding, she may still be "directly and adversely affected pecuniarily by an order of the bankruptcy court" in that an order approving a sale that reduced the value of the estate could "increase [her] burdens."  <u>In re P.R.T.C.</u>, 177 F.3d at 777; <u>see also</u> <u>In re Stasz</u>, No. BAP CC-11-1050, 2011 WL 6934442, at *3 (B.A.P. 9th Cir. Nov. 30, 2011) ("'[T]here could be a resulting increase in distribution to creditor Quakenbush and reduction in the Debtor's liability on that nondischargeable debt.  Therefore, the Debtor's burden could be increased, providing her sufficient standing to appeal."), <u>aff'd</u>, 520 F. App'x 563 (9th Cir. 2013).  The Court therefore concludes that Frazier is a "person aggrieved" by the bankruptcy court's order and that she has standing to bring this appeal.

 **B.     Procedural Questions**

 The Court next considers Frazier's arguments that this Court should reverse the bankruptcy court because it failed to conduct an evidentiary hearing and to perform an accounting.

United States District Court
Northern District of California

7

### 1.     Waiver

The Court concludes that, contrary to the Trustee's argument, Frazier has not waived these objections.  In her written objection to the Trustee's motion for an order authorizing the sale, Frazier explicitly requested that "this issue be set for an evidentiary hearing so the truth of the matters concerning the investment can be fully vetted."  DA Tab 4 at 11.  In addition, at the hearing on the Trustee's motion for an order authorizing the sale, Frazier stated that she "should be allowed to have an evidentiary hearing on this because . . . none of this is based on any kind of fact," and requested an accounting.  Id. Tab 16 at 6, 7.

### 2.     Evidentiary Hearing

A bankruptcy court's decision whether to hold an evidentiary hearing is reviewed for an abuse of discretion.  Zurich Am. Ins. Co. v. Int'l Fibercom, Inc. (In re Int'l Fibercom, Inc.), 503 F.3d 933, 939-40 (9th Cir. 2007).  Pursuant to Rule 9017 of the Federal Rules of Bankruptcy Procedure, which incorporates Rule 43 of the Federal Rules of Civil Procedure, "[w]hen a motion relies on facts outside the record, the court may hear the matter on affidavits or may hear it wholly or partly on oral testimony."  A bankruptcy court is required to hold an evidentiary hearing only where "disputed material factual issues" are presented.  Fed. R. Bankr. P. 9014(d); advisory committee's note ("Subdivision (d) is added to clarify that if the motion cannot be decided without resolving a disputed material issue of fact, an evidentiary hearing must be held . . . .").  "[W]hen assessing a compromise," however, "courts need not rule upon disputed facts and questions of law, but only canvass the issues."  Suter v. Goedert, 396 B.R. 535, 548 (D. Nev. 2008) (quoting Burton v. Ulrich (In re Schmitt), 215 B.R. 417, 423 (B.A.P. 9th Cir. 1997)).

The Court concludes that the bankruptcy court did not abuse its discretion in denying Frazier's request for an evidentiary hearing because "[t]here was adequate factual basis for the bankruptcy court's decision," and no further evidence was required.  In re Int'l Fibercom, 503 F.3d at 946.  The Trustee presented evidence that that the proposed $150,000.00 sale price was actively negotiated over a period of several months, that an identical interest was sold for a comparable price, and that the estate lacked the resources to litigate in pursuit of a likely modest price increase.  See DA, Tab 16, at 12-13.  Frazier questioned whether the proposed amount would

adequately compensate the estate for the value of the five percent interest in the joint venture, but did not present any evidence undermining the Trustee's position or suggest what information she might present in an evidentiary hearing to support her argument that the proposed sale and compromise should be rejected.  In these circumstances, the Court cannot say that the bankruptcy court abused its discretion in deciding not to hold an evidentiary hearing.

### 3.   Accounting

Frazier cites Federal Rule of Bankruptcy Procedure 6002 in support of her argument that the bankruptcy court should have performed "a proper accounting."  ECF No. 15 at 22.  This rule provides that "[a]ny custodian required by the Code to deliver property in the custodian's possession or control to the trustee shall promptly file and transmit to the United States trustee a report and account with respect to the property of the estate and the administration thereof."  The rule, which concerns the accounting required from a prior custodian of property of an estate, does not apply to the bankruptcy court's order approving the sale and compromise.  Frazier's argument that the bankruptcy court erred in failing to require such an accounting therefore fails.

### C.   Review on the Merits

Having determined that the Court has jurisdiction over this appeal, that the bankruptcy court had jurisdiction to enter a final order approving the sale and compromise, that Frazier has standing to pursue this appeal, and that her procedural objections are unavailing, the Court now considers the merits of the challenged order.

### 1.   Standard of Review

The court reviews the bankruptcy court's conclusions of law de novo, and its findings of fact for clear error.  Citibank, N.A. v. Eashai (In re Eashai), 87 F.3d 1082, 1086 (9th Cir. 1996).  The bankruptcy court's approval of the trustee's sale of estate assets and its approval of a proposed compromise agreement are reviewed for abuse of discretion.  Martin v. Kane (In re A & C Props.), 784 F.2d 1377, 1380 (9th Cir. 1986) (compromise agreement); Cloobeck v. Cory (In re Cloobeck), No. 10-cv-01278-GMN-PAL, 2011 WL 2550622, at *2 (D. Nev. June 23, 2011) (citing Moldo v. Clark (In re Clark), 266 B.R. 163, 168 (B.A.P. 9th Cir. 1998)) (sale).  The bankruptcy court's judgment must be affirmed unless the Court is "left with the definite and firm conviction that the

9

1    lower court committed a clear error of judgment in the conclusion it reached after weighing the

2    relevant factors." Pincay v. Andrews, 389 F.3d 853, 858 (9th Cir. 2003).

3              **2.    Discussion**

4              The bankruptcy court's obligation in assessing a proposed sale of estate assets "is to assure

5    that optimal value is realized by the estate under the circumstances." Lahijani v. Claims

6    Prosecutor, LLC (In re Lahijani), 325 B.R. 282, 288-89 (B.A.P. 9th Cir. 2005). "Ordinarily, the

7    position of the trustee is afforded deference, particularly where business judgment is entailed in

8    the analysis . . . ." Id. In determining the fairness, reasonableness and adequacy of a proposed

9    compromise, the bankruptcy court must consider: "(a) The probability of success in the litigation;

10   (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the

11   litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the

12   paramount interest of the creditors and a proper deference to their reasonable views in the

13   premises." In re A & C Props., 784 F.2d at 1381.

14             Here, the bankruptcy court explained that its decision to grant the Trustee's motion was

15   based on the evidence before it establishing that the proposed price was reached over the course of

16   several months of "arduous negotiation" and that an identical interest had been sold for a

17   comparable price; the fact that estate lacked the resources to pursue litigation that might yield "a

18   very modest increase in the value assigned to the estate's interests;" and the paramount interest of

19   the creditors, as represented by trustee. DA Tab 16 at 12-13. She concluded that the value of the

20   estate's interest in the joint venture "is close to or exactly what the trustee proposes." Id. at 13.

21             The Court concludes that that the bankruptcy court properly considered the relevant factors

22   in granting the Trustee's motion, and that the record supports its determination. Frazier has

23   therefore failed to establish that the bankruptcy court abused its discretion in approving the

24   proposed sale and mutual release of claims. The order of the bankruptcy court is affirmed.[3]

25

26   _____

27   [3] In her reply brief, Frazier requests that the Court allow her to convert her Chapter 7 bankruptcy
     to a Chapter 13 proceeding. ECF No. 21 at 17. This request must be made to the bankruptcy
     court in the first instance. See Rivera v. Curry (In re Rivera), 517 B.R. 140, 145 (B.A.P. 9th Cir.
28   2014) ("Even pro se litigants . . . cannot completely bypass the bankruptcy court and hope to
     prevail on appeal from a bankruptcy court order.").

United States District Court
Northern District of California

1    **III.    APPEAL OF ORDER DENYING MOTION TO DISMISS (CASE NO. 15-CV-01659)**

2          In her related case, Frazier appeals the bankruptcy court's order denying her motion to

3    dismiss her bankruptcy case pursuant to 11 U.S.C. section 707.  See DA Tabs 18, 34.  She argues

4    that "she did not willingly and knowingly file for chapter 7 bankruptcy and should not be held in

5    involuntary servitude for what the attorney she hired did to her."  ECF No. 15 at 6.  The Trustee

6    responds that Frazier has "failed to identify any part of the record that shows the Bankruptcy Court

7    made any error in denying the Debtor's motion for an order dismissing the case, let alone identify

8    an abuse of discretion."  ECF No. 19 at 5.

9          As discussed above, district courts have jurisdiction to hear appeals from the final

10   judgments and orders of bankruptcy judges pursuant to 28 U.S.C. section 158(a)(1). With limited

11   exceptions, district courts lack jurisdiction over appeals from the interlocutory orders of

12   bankruptcy judges, except where the district court grants leave to appeal under 28 U.S.C. section

13   158(a)(3).

14         Although the parties state that this Court has jurisdiction to hear this appeal pursuant to 28

15   U.S.C. section 158(a)(1), ECF No. 15 at 6; ECF No. 19 at 1, the Court concludes that section

16   158(a)(1) does not confer jurisdiction because a bankruptcy court's "decision to deny a motion to

17   dismiss . . . is an interlocutory order."  Sherman v. SEC (In re Sherman), 491 F.3d 948, 967 n.24

18   (9th Cir. 2006) (emphasis omitted); see In re Stone, 6 F.3d at 583 n.1 (reviewing court has a duty

19   to consider whether it has jurisdiction in each case, even where the parties do not question

20   jurisdiction).  This "finding that the bankruptcy court's order is not appealable by right does not,

21   however, end the inquiry into jurisdiction."  Waddill v. Meador (In re Advantage Commc'ns Grp.,

22   Inc.), No. 97-cv-00700-TEH, 1997 WL 414169, at *3 (N.D. Cal. July 10, 1997).  The Court

23   therefore construes the notice of appeal as a motion for leave to appeal an interlocutory order.  Id.;

24   Fed. R. Bankr. P. 8004(d) ("If an appellant timely files a notice of appeal under this rule but does

25   not include a motion for leave, the district court or BAP may order the appellant to file a motion

26   for leave, or treat the notice of appeal as a motion for leave and either grant or deny it.").

27         "In deciding whether to grant leave to appeal an interlocutory order under section

28   158(a)(3), courts look to the analogous provisions of 28 U.S.C. section 1292(b), which governs

United States District Court
Northern District of California

11

1  review by courts of appeals of interlocutory district court orders." Hogan Lovells US LLP v.

2  Howrey LLP, No. 14-cv-04882-JD, 2014 WL 6602687, at *2 (N.D. Cal. Nov. 20, 2014).  Under

3  that provision, an interlocutory appeal is appropriate if the order "involves a controlling question

4  of law as to which there is substantial ground for difference of opinion and [] an immediate appeal

5  from the order may materially advance the ultimate termination of the litigation."  28 U.S.C.

6  § 1292(b).

7         Here, the bankruptcy court's decision did not involve a controlling question of law as to

8  which there is substantial ground for difference of opinion.  The bankruptcy court denied Frazier's

9  motion to dismiss based on the following reasoning:

10        [T]here are two provisions in the Bankruptcy Code that would – that
          govern the request that you've made.  One is Section 305, the other
11        is Section 707.  And under Section 305 I can only dismiss where I
          find that creditors would be better served by dismissal.
12

13        Under Section 707 I can only dismiss if there would be no prejudice
          to creditors.  And it is clear to me that creditors are going to be
14        better served if the case stays open and that if I were to dismiss it
          creditors would be prejudiced.

15 DA Tab 34 at 13; see Hickman v. Hana (In re Hickman), 384 B.R. 832, 840 (B.A.P. 9th Cir. 2008)

16 ("A case will not be dismissed on the motion of a debtor if such dismissal would cause some plain

17 legal prejudice to a creditor" (internal quotation marks omitted)); see also 11 U.S.C. § 305(a)

18 ("The court, after notice and a hearing, may dismiss a case under this title . . . at any time if [] the

19 interests of creditors and the debtor would be better served by such dismissal . . . .").  "The court's

20 decision, therefore, did not turn on an issue of law at all, but instead on a factual finding that

21 continuing the Chapter 7 case would" better serve the creditors.  Moore v. Deutsche Bank Nat'l

22 Trust Co. (In re Moore), No. 11-cv-00379-DAE-BMK, 2011 WL 5593185, at *3 (D. Haw. Nov.

23 17, 2011).  "An appeal for the purposes of reviewing factual determinations is not within the

24 purview of 28 U.S.C. section 1292(b)."  Id.; see also Halloum v.McCormick Barstow LLP, No.

25 15-cv-2181-EMC, 2015 WL 4512599, at *2 (N.D. Cal. July 24, 2015) (collecting cases).

26        Because the bankruptcy court's interlocutory order denying Frazier's motion to dismiss

27 does not meet the section 1292(b) criteria, the Court denies leave to appeal and dismisses the case.

28                   **CONCLUSION**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

     For the foregoing reasons, the Court affirms the order of the bankruptcy court in Case

Number 15-cv-01484 and dismisses the appeal in Case Number 15-cv-01659.

     IT IS SO ORDERED.

Dated:  September 14, 2015

_____
                       JON S. TIGAR
               United States District Judge